UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MIKEAL GLENN STINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00480-JPH-MJD |
| ) | |
| T. WATSON, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Interested Party. ) | |

**Order on Motion for Reconsideration, Motions for Injunctive Relief, Motion for Evidentiary Hearing, and Motion for Copies**

Presently pending are the Interested Party United States of America's motion for reconsideration, dkt. [21], and Plaintiff Mikeal Stine's motions for injunctive relief, dkts. [7, 11], evidentiary hearing, dkt. [9], and copies, dkt. [23]. For the reasons below, the Court **grants** the United States' motion for reconsideration, dkt. [21], **denies** Mr. Stine's motions for injunctive relief and evidentiary hearing, dkts. [7, 9, 11], and **grants** Mr. Stine's motion for copies, dkt. [23].

The United States has moved this Court to reconsider its order, dkt. [12], granting *in forma pauperis* status to Mr. Stine. *See* dkt. 21. In its motion, the United States cites to the Prison Litigation Reform Act ("PLRA") and advises the Court that Mr. Stine, a three-time striker, is not presently under imminent danger of serious physical injury, nor was he under any such danger when he filed his motion seeking *in forma pauperis* status. *See id.*; 28 U.S.C. SS 1915(g) (*in forma pauperis* status is unavailable to three-time strikers absent a showing of "imminent danger of serious physical injury").

1

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted), s*ee also Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (a motion to reconsider is appropriate "where significant new facts have been discovered.").

Here, the United States has demonstrated the existence of significant new facts such that a grant of its motion for reconsideration is appropriate. *See id*. Specifically, the United States has brought to light facts showing that Mr. Stine misrepresented to the Court that his housing location placed him in imminent danger of physical harm. *See* dkt. 21-1 (Stine's Inmate History Quarters). As the United States points out, Mr. Stine was placed in the Special Housing Unit ("SHU") of the Federal Corrections Complex – Terre Haute ("FCC – Terre Haute") on May 23, 2019, and was never released to the general population for the remainder of his time at FCC – Terre Haute. *See id.* Additionally, as the United States also points out, although Mr. Stine claims to fear physical harm from inmate John McCullah based on a threat following Mr. Stine's cooperation with prosecution in 2005, Mr. Stine has not alleged that he has been housed with McCullah or recently threatened by McCullah. Furthermore, Mr. Stine has since been transferred out of FCC – Terre Haute entirely and is now housed at United States Penitentiary Tucson ("USP – Tucson").

Because this Court's ruling on Mr. Stine's motion to proceed *in forma pauperis* was premised on Mr. Stine's misrepresentation that he was in imminent danger because he was being housed with inmates who have made threats on his life, the Court **grants** the United States' motion for reconsideration, dkt. [21], and revokes Mr. Stine's *in forma pauperis* status. For the same

2

reasons discussed above, namely that Mr. Stine is not presently in imminent danger and was not in imminent danger when he filed his motions for injunctive relief, those motions [7, 11] relief are **denied as moot** in accordance with this Order.

Mr. Stine's motion for evidentiary hearing, dkt. [9], is **denied as premature**. Mr. Stine's motion for copies, dkt. [23], is granted to the extent that the **clerk is directed** to include a copy of Mr. Stine's complaint and the public docket sheet along with his copy of this Order. The clerk **is directed** to update Mr. Stine's address to reflect that he is housed at USP – Tucson.

Mr. Stine **is ordered** to pay the full filing fee in this matter ($400.00) by **July 10, 2020**. Failure to do so will result in the dismissal of this matter without further notice.

**SO ORDERED.**

Date: 6/22/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MIKEAL GLENN STINE
55436-098
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
Tucson, Arizona 85734

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov